UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Dr. Steven P. Nawrocki,
     Plaintiff

     v.                                    Civil No. 10-cv-304-SM
                                           Opinion No. 2010 DNH 168
Donald W. Wilson; Margaret R.
Wilson; Firoze Katrak; Katrak Trust;
Shankhassick Shorefront Association,
Inc.; Cheney-England Limited
Partnership; Walter Cheney; Brand
Revocable Trust; Gerhard K. Brand;
Ingeburg C. Brand; and the State of
New Hampshire LCIP Program;
     Defendants


**O R D E R**

Pending before the court are two motions for sanctions filed by plaintiff, Steven Nawrocki, as well as Nawrocki's motion for a hearing, and a motion for sanctions filed by defendants Gerhard Brand, Ingeburg Brand, and the Brand Revocable Trust (collectively "the Brand defendants"). All four motions are denied.

Nawrocki does not specify (document no. 14) either the sanction he is seeking, or the party against whom he seeks to have sanctions imposed. He alleges that Malcolm McNeill, Esq., the attorney representing Firoze Katrak and the Katrak Trust (hereinafter "the Katrak defendants") represented both the Shankhassick Shorefront Association, Inc. ("the Association") and

the Katrak defendants in the past. He also alleges that Attorney McNeill failed to properly serve the other defendants (with what, Nawrocki does not say). Beyond that, the motion is unclear, and identifies no legal basis for the sanctions Nawrocki seeks. Presumably because Nawrocki's motion mentions their attorney, the Katrak defendants object to it. For the reasons given in that objection, Nawrocki's first motion for sanctions is denied.

Nawrocki's motion for a hearing (document no. 24) sheds some light on his first motion for sanctions and suggests that he is concerned about some sort of conflict of interest. As with the first motion for sanctions, the motion for a hearing is unclear. Beyond that, it is laced with inappropriate comments directed toward Attorney McNeill. Even when Nawrocki's motion is read with a full measure of indulgence, see Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) ("In interpreting the complaint before us, we construe it liberally in an effort to accommodate a pro se litigant."), it does not raise any conflict-of-interest issue, and identifies no basis for disqualifying Attorney McNeill from representing the Katrak defendants. Nawrocki's motion for hearing is also denied, as a hearing on the motion would not be productive.

Nawrocki also filed a pleading titled "Plaintiff's motion for sanctions due to conflict of interest" (document no. 37). He appears to object to "attorney John J. Ratigan's involvement with the Association." (Pl.'s Mot. for Sanctions, at 1.) More specifically, he asks the court to bar Ratigan "from representing the Association in neutral thought process such as has been requested by multiple members who seek mediation in this matter" because Ratigan was once "involved" with defendants Walter Cheney and the Cheney-England Limited Partnership. The Association objects. For the reasons given in that objection, and because the court cannot understand what Nawrocki seeks,[1] Nawrocki's second motion for sanctions is denied.

The Brand defendants move for sanctions (document no. 38) against Nawrocki, on grounds that Nawrocki's response to their motion for a more definite statement (document no. 27) violates Rule 11 of the Federal Rules of Civil Procedure. In particular, they seek sanctions for Nawrocki's statements or suggestions that Gerhard Brand committed war crimes while serving in the German Army during World War II, and that he sexually assaulted

---

[1] It may be – although it is not clear – that Nawrocki is objecting to the Association's use of Ratigan to mediate a dispute between the Association's "hillsiders" and "wetlanders." If that is indeed Nawrocki's point, the court is without authority to determine who the Association engages to mediate a dispute among its members.

Nawrocki's wife. At the heart of this matter are two documents filed by Nawrocki. The first, an exhibit to his complaint, is an e-mail he sent to Gerhard and Ingeburg Brand's daughters in response to a letter they sent him seeking recompense for tree cutting Nawrocki had done on their parents' property. In his e-mail, Nawrocki accused Gerhard Brand of sexually assaulting his (Nawrocki's) wife. The second document is an affidavit by John Allen in which Allen says Gerhard Brand told him about war-time incidents that he (Allen) interpreted as constituting Nazi war crimes Brand committed but now regrets. The Brand defendants ask the court to order Nawrocki to withdraw his statements about Gerhard Brand's military service and the alleged sexual assault, and to pay attorney's fees they incurred in defending against that irrelevant and defamatory material. Nawrocki objects to the motion for sanctions.

Rule 11(c) provides for the imposition of sanctions against attorneys, law firms, and parties that violate Rule 11(b). Under Rule 11(b), presentation of any paper to the court constitutes a certification by the person submitting the paper that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). Rule 11 also provides, however, that a motion for sanctions "must not be filed or

4

presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service . . . ." FED. R. CIV. P. 11(c). Because the Brand defendants have not complied with the Rule 11 "safe harbor" provision, by serving their motion on Nawrocki twenty-one days before presenting it to the court, their motion for sanctions must be denied. See Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997) ("sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court"); Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1152 (9th Cir. 2002) ("the safe-harbor period is mandatory"); Arias v. U.S. Immig. & Customs Enforcement Div., Civ. No. 07-1959 ADM/JSM, 2009 WL 2900315, at * (D. Minn. Sept. 2, 2009) ("Rule 11 motions failing to follow this procedure [i.e., the 'safe-harbor' requirement] have routinely been dismissed in this district") (citations omitted).

That portion of Nawrocki's e-mail that accuses Gerhard Brand of sexual assault, and that portion of the Allen affidavit that refers to Gerhard's military record, are plainly irrelevant; they offer nothing related to Nawrocki's claims against the Brand defendants. Similarly irrelevant are the references Nawrocki makes in his pleadings to the alleged sexual assault and Gerhard

Brand's war record. Not only are the e-mail and affidavit (and references to the allegations contained therein) completely irrelevant, those documents and references are potentially scandalous. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court hereby strikes: (1) the e-mail in which Nawrocki accused Gerhard Brand of sexual assault; (2) the Allen affidavit that discusses Allen's interpretation of Brand's war record; and (3) all references to either the alleged sexual assault or Brand's war record in any of Nawrocki's pleadings including, but not limited to, the complaint and the pleading titled "Plaintiff's response to defendant Brands' conditional motion for a more definite statement" (document no. 27).

## Conclusion

The motions for sanctions (document nos. 14, 37, and 38) are denied, as is Nawrocki's motion for a hearing (document no. 24). The court orders, _sua sponte_, that the referenced irrelevant and potentially scandalous material described above be stricken.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 28, 2010

```
cc:   Steven P. Nawrocki, pro se
      Michael E. Chubrich, Esq.
      Stephen J. Dibble, Esq.
      Malcolm R. McNeill, Jr., Esq.
      Keriann Roman, Esq.
      Nancy J. Smith, Esq.
      Christopher A. Wyskiel, Esq.
```