UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Dr. Steven P. Nawrocki,
     Plaintiff

     v.                           Civil No. 10-cv-304-SM
                                   Opinion No. 2010 DNH 169
Donald W. Wilson; Margaret R.
Wilson; Firoze Katrak; Katrak Trust;
Shankhassick Shorefront Association,
Inc.; Cheney-England Limited
Partnership; Walter Cheney; Brand
Revocable Trust; Gerhard K. Brand;
Ingeburg C. Brand; and the State of
New Hampshire LCIP Program;
     Defendants

**O R D E R**

Seeking declaratory relief, injunctive relief, and monetary damages, Steven Nawrocki brought suit against eleven private and public defendants, including several of his neighbors in a residential development called Shankhassick on Great Bay ("Shankhassick"). The complaint asserts that defendants have allowed tree growth that both blocks the view of Great Bay from his property and diminishes the habitat of the New England cottontail rabbit – an endangered species and an important source of food for local bald eagles. Nawrocki invokes the provisions of 42 U.S.C. §§ 1981, 1982, 1983, 1985(1), 1985(2), 1985(3), 1986, and 1988(b),[1] and claims that defendants have violated his

---

[1] Section 1988 does not provide a cause of action but, rather, is a vehicle for the recovery of attorney's fees by parties prevailing in claims brought under §§ 1981, 1981a, 1982, 1983, 1985, and 1986.

rights under the First, Fifth, and Fourteenth Amendments to the
United States Constitution.

Before the court are four motions to dismiss.  All
defendants have either moved to dismiss, or joined in another
defendant's motion to dismiss.  Nawrocki objects.  One defendant,
the State of New Hampshire LCIP program, is immune from suit, and
Nawrocki has failed to state a cognizable claim upon which relief
can be granted against any of the other defendants.  All
defendants, therefore, are entitled to dismissal of Nawrocki's
respective claims against them.

## Background

Nawrocki's property, Lot VIII in the Shankhassick
development, is located on the north side of Bay Road.  The
pertinent deeds include a line-of-sight easement that benefits
Lots VIII and IX, and encumbers Lots III and IV.  That easement
prohibits structures, trees, or shrubbery on Lots III and IV that
would diminish the view of Great Bay from Lots VIII and IX.  The
easement also entitles the owners of Lots VIII and IX to cut and
remove vegetation from Lots III and IV for the purpose of
maintaining a view of Great Bay.

The Cheney-England Limited Partnership, of which Walter
Cheney is presumably a partner, developed Shankhassick.  The

Shankhassick Shorefront Association, Inc. ("the Association") is
an association of Shankhassick property owners.  The Wilsons,
Katrak, and the Brands all appear to own or occupy properties on
the south side of Bay Road.  (While it is not clearly spelled out
in the complaint, it would appear that the Katrak and Brand
trusts own the properties occupied by Katrak and the Brands.)
Collectively, Nawrocki refers to those who own properties on the
south side of Bay Road as "shoreliners," "shorelanders," or
"wetlanders," to distinguish them from the "hillsiders" such as
himself, who own properties on the north side of Bay Road.  The
New Hampshire LCIP program once acquired a conservation easement
on some part of Shankhassick.

       Nawrocki claims that defendants, both individually and
collectively, are violating his property rights under the federal
constitution by allowing the growth of vegetation that blocks his
view of Great Bay, and by interfering with his attempts to trim
that vegetation.  He also claims that his federal constitutional
rights have been violated by the construction of one or more
driveways (on properties owned by one or more defendants) that
further block his view because they do not comply with the
subdivision's engineering plans and/or government permits.  He
also appears to complain about various defendants' failure to cut
or trim trees along Bay Road.  Finally, Nawrocki asserts that
various defendants have not met their responsibilities to
preserve the habitat of the New England cottontail rabbit, an

3

important source of food for a population of bald eagles inhabiting a federally owned sanctuary adjacent to Shankhassick.

Firoze Katrak and the Katrak Trust move to dismiss on grounds that the court lacks subject-matter jurisdiction over Nawrocki's claims.  See FED. R. CIV. P. 12(b)(1).  The State of New Hampshire argues that it is immune from suit, under the Eleventh Amendment, that the court lacks subject-matter jurisdiction over Nawrocki's claims against it, and that Nawrocki's complaint fails to state a claim upon which relief can be granted.  See FED. R. CIV. P. 12(b)(6).  In its motion to dismiss, the Association invokes both Rule 12(b)(1) and Rule 12(b)(6).  The Wilsons adopt and incorporate the motions and memoranda filed by the Katrak defendants and the Association.

## Discussion

"Federal courts are courts of limited jurisdiction.  A cause of action may be maintained in federal court only if it involves a question of federal law, or if the controversy is between citizens of different states and the amount in controversy exceeds $75,000." Hall v. Curran, 599 F.3d 70, 71 (1st Cir. 2010) (citing 28 U.S.C. §§ 1331, 1332).  Nawrocki does not invoke the court's diversity jurisdiction, nor could he, as he asserts that all defendants are citizens of New Hampshire.  See 28 U.S.C. § 1332.  That leaves the existence of a federal question as the

4

only potential basis upon which this court might exercise
subject-matter jurisdiction.

"[F]ederal district courts [have] original jurisdiction over
'all civil actions arising under the Constitution, laws, or
treaties of the United States.'" R.I. Fishermen's Alliance,
Inc. v. R.I. Dep't of Envtl. Mgmt., 585 F.3d 42, 47 (1st Cir.
2009) (quoting 42 U.S.C. § 1331).  Here, Nawrocki asserts that
his claims arise under identified federal laws, 42 U.S.C. §§
1981, 1982, 1983, 1985(1), 1985(2), 1985(3), and 1986, and that
defendants have violated his rights under the federal
constitution.  That is enough to confer subject-matter
jurisdiction:

> [T]here are two types of actions that fall within the
> encincture of federal question jurisdiction.  The first
> (and most familiar) category involves direct federal
> questions; that is, suits in which the plaintiff pleads
> a cause of action that has its roots in federal law
> (say, a claim premised on the United States
> Constitution or on a federal statute).

Id. at 48 (citing Am. Well Works Co. v. Layne & Bowler Co., 241
U.S. 257, 260 (1916); Almond v. Capital Props., Inc., 212 F.3d
20, 23 (1st Cir. 2000).

Although the court has subject-matter jurisdiction over
Nawrocki's claims, still, all defendants are entitled to
dismissal, because Nawrocki's complaint fails to state a claim

upon which relief can be granted.  A motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  That is, the complaint "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims." Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When considering a motion to dismiss under Rule 12(b)(6), a trial court "assume[s] the truth of all well-plead facts and give[s] the plaintiff[s] the benefit of all reasonable inferences therefrom." Vernet v. Serrano-Torres, 566 F.3d 254, 258 (1st Cir. 2009) (quoting Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007)).  Moreover, because Nawrocki is proceeding pro se, his complaint must be viewed with some deference.  See Johnson v. Rodriquez, 943 F.2d 104, 107 (1st Cir. 1991) ("In interpreting the complaint before us, we construe it liberally in an effort to accommodate a pro se litigant.") (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 12 (1st Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face." <u>Sutliffe v. Epping Sch.
Dist.</u>, 584 F.3d 314, 325 (1st Cir. 2009) (quoting <u>Ashcroft v.
Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).  On the other hand, a Rule
12(b)(6) motion should be granted if "the facts, evaluated in [a]
plaintiff-friendly manner, [do not] contain enough meat to
support a reasonable expectation that an actionable claim may
exist." <u>Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.</u>,
547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).

For purposes of determining whether Nawrocki has stated a
claim, all defendants, other than the State of New Hampshire LCIP
program, are similarly situated.  In the interest of brevity, the
following discussion is divided into two parts.  The first
discusses the private-entity defendants; the second considers the
State of New Hampshire LCIP program.

A. The Private-Entity Defendants

42 U.S.C. § 1981 proscribes discrimination based on race.
Because Nawrocki does not claim that any of the private-entity
defendants discriminated against him on account of his race, he
plainly has not stated a claim against those defendants under
§ 1981.  <u>See</u> <u>Fantini</u>, 557 F.3d at 33-34 ("[s]ection 1981 offers
relief when racial discrimination blocks the creation of a

7

contractual relationship, as well as when racial discrimination impairs an existing contractual relationship") (quoting <u>Domino's Pizza, Inc. v. McDonald</u>, 546 U.S. 470, 476 (2006)).

42 U.S.C. § 1982 also proscribes racial discrimination. <u>See Malik v. Cont'l Airlines Inc.</u>, 305 Fed. App'x, 165, 169 (5th Cir. 2008) ("A cause of action based upon section 1982 . . . requires an intentional act of racial discrimination") (quoting <u>Vaughner v. Pulito</u>, 804 F.2d 873, 877 (5th Cir. 1986)).  Because Nawrocki does not allege racial discrimination, he has plainly failed to state a claim against the private-entity defendants under § 1982.

Nawrocki's claim under § 1983 is equally infirm.  That statute provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

"[T]o plead a viable section 1983 claim, a complaint must allege action under color of state law." <u>McCloskey v. Mueller</u>, 446 F.3d 262, 271 (1st Cir. 2006) (citing <u>Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev.</u>, 421 F.3d 1, 7 (1st Cir. 2005); <u>Rogan v. City</u>

of Boston, 267 F.3d 24, 27 (1st Cir. 2001)).[2]  Nawrocki has not
alleged that any private-entity defendant, at any time relevant
to any of his claims, was a "person [acting] under color of any
statute, ordinance, regulation, custom, or usage, of any State or
Territory . . . ."  42 U.S.C. § 1983.  Accordingly, he has not
stated a cognizable claim under § 1983 against any of the
private-entity defendants.

Nawrocki also fails to state a claim under § 1985.  He
alleges no facts supporting a claim under § 1985(1), which is
directed toward protecting officers of the United States.  See
Donahue v. City of Boston, 304 F.3d 110, 122 n.9 (1st Cir. 2002)
("§ 1985(1) protects federal officers from those conspiring to
prevent (by force, intimidation, or threat) the officer from
discharging his or her duties").  Likewise, Nawrocki alleges no
facts supporting a claim under § 1985(2), which is intended to
prevent the obstruction of justice by protecting parties to
litigation, witnesses, and jurors.  See id. ("§ 1985(2) protects
parties and witnesses in federal court from conspiracies to deter
them from appearing or testifying").  Nawrocki's claim under
§ 1985(2) necessarily fails because the two alleged threats upon

---

[2] Nawrocki argues to the contrary: "1983 can be used against
conduct by private parties.  It is not limited to the action
taken under color of state law."  (Compl., at 22.)  He is
mistaken, and the case on which he relies, Patterson v. McLean
Credit Union, 491 U.S. 164 (1989), involves § 1981, not § 1983.

which it is based were directed to persons who, at the time of
the alleged threats, were not involved in federal (or state)
litigation as parties, witnesses, or jurors.[3]  Finally,
Nawrocki's claim under § 1985(3) also fails.  "It has long been
established that a claim under § 1985(3) requires 'some racial,
or perhaps otherwise class-based, invidiously discriminatory
animus behind the conspirators' action.' "  <u>Pérez-Sánchez v. Pub.
Bldg. Auth.</u>, 531 F.3d 104, 107 (1st Cir. 2008) (quoting <u>Griffin
v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).  In his complaint,
Nawrocki asks: "Are we hillsiders, who have paid extra and taxes
for our waranteed deeds, our own class?" (Compl., at 23.)  The
short answer is, not for these purposes.  Property owners with
obstructed views do not comprise a class that § 1985(3) was
enacted to protect.  <u>See Pérez-Sánchez</u>, 531 F.3d at 107-09.
Thus, Nawrocki fails to state a claim under § 1985(3).

Because Nawrocki alleges no conduct actionable under § 1985,
he fails to state a claim under § 1986.  <u>See Maymí v. P.R. Ports
Auth.</u>, 515 F.3d 20, 31 (1st Cir. 2008) ("absent a showing of
conspiracy, [plaintiff] has no claim under § 1986, which extends

---

[3] Nawrocki's claim under § 1985(2) seems to be based upon
allegations that: (1) an attorney for the daughters of Ingeburg
and Gerhard Brand threatened him by sending him a letter stating
that the Brands would enforce their legal rights against him if
he came onto their property again without their express
permission or if he defamed Gerhard Brand; and (2) Donald Wilson
threatened Nawrocki's agent, John Allen, with a chainsaw while
Allen was cutting trees on Nawrocki's behalf.

liability to those who knowingly failed to prevent conspiracies under § 1985").

In summary, Nawrocki fails to state a claim against any of the private-entity defendants under any of his federal civil rights theories.  Accordingly, those ten defendants are entitled to dismissal of all of Nawrocki's claims against them.

B. State of New Hampshire LCIP Program

Nawrocki's claim against the State of New Hampshire LCIP program ("LCIP") is difficult to understand.  It appears to be based upon LCIP's alleged failure to enforce an easement it once held with respect to a portion of the Shankhassick development.[4] The only relief Nawrocki seeks from LCIP is money damages.  (See Compl., at 46-48.)  Nawrocki fails to state a claim against LCIP, and, his claim against that agency is also subject to dismissal because both the State of New Hampshire and the state's LCIP program are immune from suit.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall

---

[4] If, as it seems, Nawrocki is basing his claim against LCIP on § 1983, he does not explain how the LCIP's alleged failure to enforce an easement (purportedly for the protection of bald eagles) might constitute a violation of his "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.

not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The Supreme Court "has consistently held that an unconsenting State is immune [under the Eleventh Amendment] from suits brought in federal courts by her own citizens as well as by citizens of another State.' "  P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (quoting Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)).  "Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.' "  P.R. Aqueduct, 506 U.S. at 144 (quoting Welch v. Tex. Dep't of Highways & Pub. Transp., 483 U.S. 468, 480 (1987)).  Immunity is available "regardless of the relief sought."  P.R. Aqueduct, 506 U.S. at 146 (citing Cory v. White, 457 U.S. 85, 91 (1982)).

     A state can waive its Eleventh Amendment immunity to suit. See New Hampshire v. Ramsey, 366 F.3d 1, 15 (1st Cir. 2004). But, Nawrocki alleges no facts that might support a finding that the State of New Hampshire or LCIP waived the state's Eleventh Amendment immunity from suit.  Indeed, the State is invoking its immunity.  Accordingly, the State of New Hampshire's LCIP program is entitled to dismissal of Nawrocki's claims against it.

## Conclusion

For the reasons given, defendants' motions to dismiss (document nos. 7, 9, 18, and 20) are granted.  Under some circumstances, it might be appropriate to grant a motion to dismiss a <u>pro se</u> complaint without prejudice, and with leave to amend to cure identified deficiencies.  But here, granting Nawrocki leave to amend would prove to be an exercise in futility.  Review of the material attached to Nawrocki's complaint establishes, beyond any doubt, that there are no factual bases upon which he might "state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570).  Any cognizable claims Nawrocki might have against the defendants under the described circumstances are claims arising under state law.  Accordingly, Nawrocki's complaint is dismissed with prejudice, and without leave to amend.  <u>See</u> <u>Chaing v. Skeirik</u>, 582 F.3d 238, 244 (1st Cir. 2009) (district court did not abuse its discretion by denying leave to file amended complaint, when amendment would have been futile).  The pending motions for a more definite statement (document nos. 3, 21, and 28) are denied as moot, as is the Brand defendants' conditional motion to strike (document no. 4).  The clerk of the court shall enter judgment in accordance with this order and close the case.

13

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

September 28, 2010

cc:  Steven P. Nawrocki, <u>pro</u> <u>se</u>
     Michael E. Chubrich, Esq.
     Stephen J. Dibble, Esq.
     Malcolm R. McNeill, Jr., Esq.
     Keriann Roman, Esq.
     Nancy J. Smith, Esq.
     Christopher A. Wyskiel, Esq.

14